UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST**<br>1470 Worldwide Place<br>Vandalia, OH 45377<br><br>**and**<br><br>**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST**<br>1470 Worldwide Place<br>Vandalia, OH 45377<br><br>**and**<br><br>**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST**<br>1470 Worldwide Place<br>Vandalia, OH 45377<br><br>    **Plaintiffs,**<br><br>v.<br><br>**MATHENY AND SONS GENERAL CONTRACTING LLC**<br>40 Hamill Road<br>Huntington, WV 25701<br><br>**and**<br><br>**STEVE MATHENY**<br>40 Hamill Road<br>Huntington, WV 25701<br><br>    **Defendants.** | CASE NO. 3:21-cv-00081<br><br>JUDGE<br><br>**COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES FOR VIOLATIONS OF ERISA** |

## STATEMENT OF THE CASE

1. Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively the "Trusts" or "Plaintiffs"), bring this action against Matheny and Sons General Contracting LLC ("Matheny & Sons") for its violations of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, and against Steve Matheny ("Matheny"), Matheny & Sons' owner and principal officer, for breaching fiduciary duties to the Trusts and engaging, as a party-in-interest, in prohibited transactions under ERISA. (Matheny & Sons and Matheny are hereinafter referred to collectively as the "Defendants".) Plaintiffs seek to recover from Defendants jointly and severally: unpaid fringe benefit contributions, liquidated damages, interest, equitable relief, reasonable attorneys' fees and collection costs, and post-judgment interest pursuant to 28 U.S.C. § 1961 on all monetary relief granted in this case.

## PARTIES – BENEFIT TRUST

2. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** ("Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust ("Benefit Trust Agreement"), entered into on August 1, 1952 and amended from time to time, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("Participating Unions") and various employers that have collective bargaining agreements with the Participating Unions. A true and accurate copy of the Benefit Trust Agreement is attached as **Exhibit 1**.

3. The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families.

4. The Benefit Trust is an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 U.S.C. §§ 1002(1) and (3).

## PARTIES – PENSION TRUST

5. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust") was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962 and amended from time to time, between various labor organizations affiliated with the Participating Unions and various employers that have collective bargaining agreements with the Participating Unions. A true and accurate copy of the Pension Trust Agreement is attached as **Exhibit 2**.

6. The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries.

7. The Pension Trust is an employee pension benefit plan and an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, Title 29 U.S.C. §§ 1002(2) and (3).

## PARTIES – ANNUITY TRUST

8. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** ("Annuity Trust") was created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement"), entered into on April 27, 1971 and amended from time to time, between various labor organizations affiliated with the Participating Unions and various employers that have collective bargaining agreements with the Participating Unions. (The Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement are hereinafter referred to collectively as the "Trust Agreements".) A true and accurate copy of the Annuity Trust Agreement is attached as **Exhibit 3.**

9. The Annuity Trust was created for the purpose of providing annuity benefits for participating employees and their beneficiaries.

10. The Annuity Trust is an employee benefit plan within the meaning of Section 3(3) of ERISA, Title 29 U.S.C. § 1002(3).

## PARTIES – MATHENY & SONS

11. Upon information and belief, Matheny & Sons is headquartered and incorporated in the State of West Virginia.

12. Matheny & Sons is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## PARTIES – MATHENY

13. Upon information and belief, Matheny is an owner and officer of Matheny & Sons, and is a resident of the State of West Virginia.

14. Upon information and belief, Matheny, in his capacity as an owner and/or officer of Matheny & Sons had the power and authority to spend Matheny & Sons' money on appropriate business expenses and pay Matheny & Sons' creditors, including the Trusts.

## JURISDICTION, VENUE, AND STANDING

15. Pursuant to Sections 502(a)(3), (e)(1), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), (g)(2), the United States District Courts have exclusive jurisdiction over this case, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA, or the terms of the plan, or to remedy violations of Section 515 of ERISA, 29 U.S.C. § 1145.

16. The Trusts' principal place of operation and administration is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1).

17. These causes of action are properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a District Court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

18. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the causes of action occurred in the United States District Court for the Southern District of Ohio, Western Division.

19. The Trusts have standing to bring this suit in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), which provides that the Trusts may sue, as entities, for the relief sought in this case.

### THE TRUSTS ARE MULTIEMPLOYER PLANS WITHIN THE MEANING OF ERISA

20. The Trusts are maintained pursuant to one or more collective-bargaining agreements between one or more labor organizations and more than one employer. The collective bargaining agreements require more than one employer to contribute to the Trusts. Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

### RELEVANT COLLECTIVE BARGAINING AGREEMENT

21. At all times relevant to this suit, Matheny & Sons has been bound to the terms and conditions of collective-bargaining agreements ("CBAs") with Iron Workers Local No. 769 ("Local 769"). Further, at all relevant times Matheny & Sons has been bound to a participation agreement ("Participation Agreement") binding it to the Trust Agreements. A copy of the Participation Agreement signed by Matheny & Sons and accepted by the Trusts on July 14, 2020 is attached as **Exhibit 4**.

22. Pursuant to the Participation Agreement, Matheny & Sons must pay the wage and fringe

benefit rates provided for in the CBAs with Local 769, which is the Participating Union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers. The CBAs establish the terms and conditions of employment of Matheny & Sons' bargaining unit employees covered thereunder.

23. Among the terms and conditions of employment established by the CBAs is the requirement that Matheny & Sons contribute a certain amount of money per hour for each covered employee to the Trusts as provided by the CBAs.

24. The Participation Agreement binds Matheny & Sons to the Trust Agreements and all provisions therein. The Participation Agreement also binds Matheny & Sons to make contributions to the Trusts pursuant to the terms and rates set forth in the CBAs.

## TRUST AGREEMENTS AND COLLECTION POLICY

25. Pursuant to Article I, Section 6 of the Benefit Trust Agreement and Article III, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, Employer Contributions "are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

26. Pursuant to Article I, Section 15 of the Benefit Trust Agreement and Article III, Section 15 of the Pension Trust Agreement and Annuity Trust Agreement, "Fund Assets" include:

> [T]he sums of money that have been or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law.

27. Pursuant to Article III, Section 10 of the Benefit Trust Agreement and Article VIII, Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, a contributing employer's owners, officers, employees, agents, and/or representatives may be held personally liable for

failing to make Employer Contributions, which as a result of their delinquent payment have become Fund Assets, providing as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

28. Pursuant to Article V, Section 4 of the Benefit Trust Agreement and Article VI, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, the Trustees are empowered to promulgate such rules and regulations as may in their discretion, be deemed proper and necessary for the sound and efficient administration of the Trusts.

29. Pursuant to this power, the Trusts Board of Trustees collectively approved a Statement of Policies and Procedures on Delinquency Collections ("Collections Policy").  A copy of this document, and its amendments, is attached as **Exhibit 5**.

30. The Collection Policy, and all other policies of the Trusts, is binding on Matheny & Sons through the Trust Agreements.

31. Pursuant to the Trust Agreement and the Collection Policy, to which Matheny & Sons is bound through the Participation Agreement, Matheny & Sons is assessed liquidated damages and interest when it delinquently remits fringe benefit contributions.

### COUNT I – DEFENDANT MATHENY & SONS HAS DELINQUENTLY REMITTED ITS CONTRIBUTIONS TO THE TRUSTS AND HAS FAILED TO PAY THE REQUIRED LIQUIDATED DAMAGES AND INTEREST IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145

32. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully restated herein.

7

33. Matheny & Sons has employed workers whose terms and conditions of employment are set forth in the CBAs.

34. Among the terms and conditions of employment in the CBAs is the requirement that Matheny & Sons make fringe benefit contributions to the Trusts on behalf of covered employees.

35. Matheny & Sons has failed to timely make certain fringe benefit contributions to the Trusts on behalf of their covered employees, as is required by the terms of the Trust Agreements and the Collection Policy.

36. Matheny & Sons' failure and refusal to timely pay fringe benefit contributions, liquidated damages, and interest as required under the Trust Agreements and Collection Policy is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

## THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT MATHENY & SONS

37. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

38. Article III of the Benefit Trust Agreement, to which Matheny & Sons has agreed to be bound by virtue of signing the Participation Agreement, obligates that Matheny & Sons timely remit all required fringe benefit contributions, pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

39. Further, the Collection Policy requires that Matheny & Sons pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

40. Matheny & Sons has failed and refused to make timely employer contributions to the Benefit Trust as is required by the Benefit Trust Agreement and the Collection Policy.

41. As a result of Matheny & Sons' failure and refusal to make timely employer contributions to the Benefit Trust, pursuant to Article III of the Benefit Trust Agreement, it owes to the Benefit

Trust liquidated damages and interest, which have not been paid.

42. Based on the documents and information available to the Trusts, Matheny & Sons owes the Benefit Trust **$18,665.21** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows, for the months of May 2020 and August 2020:

| | |
|---|---|
| **Delinquent employer contributions:** | $16,597.12 |
| **Liquidated damages:** | $405.39 |
| **Pre-judgment interest:** | $1,662.70 |

43. Matheny & Sons may also owe additional amounts for delinquent contributions, liquidated damages, and/or interest for hours its covered bargaining unit employees worked, but which it did not report to the Trusts, including, but not limited to the months of May 2020 and August 2020 ("Unreported Hours").

44. The Benefit Trust has been forced to bring this legal action to collect the delinquent amounts owed by Matheny & Sons, and the Benefit Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT MATHENY & SONS

45. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully restated herein.

46. Article VIII of the Pension Trust Agreement, to which Matheny & Sons has agreed to be bound by virtue of signing the Participation Agreement, obligates that Matheny & Sons timely remit all required fringe benefit contributions, pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

47. Further, the Collection Policy requires that Matheny & Sons pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

48. Matheny & Sons has failed and refused to make timely employer contributions to the Pension Trust as is required by the Pension Trust Agreement and the Collection Policy.

49. As a result of Matheny & Sons' failure and refusal to make timely employer contributions to the Pension Trust, pursuant to Article VIII of the Pension Trust Agreement, it owes to the Pension Trust liquidated damages and interest, which have not been paid.

50. Based on the documents and information available to the Trusts, Matheny & Sons owes the Pension Trust **$14,775.45** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows, for the months of May 2020 and August 2020:

**Delinquent employer contributions:** $13,038.75

**Liquidated damages:** $433.20

**Pre-judgment interest:** $1,303.50

51. Matheny & Sons may also owe additional amounts for delinquent contributions, liquidated damages, and/or interest for Unreported Hours, including, but not limited to the months of May 2020 and August 2020.

52. The Pension Trust has been forced to bring this legal action to collect the delinquent amounts owed by Matheny & Sons, and the Pension Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT MATHENY & SONS

53. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully restated herein.

54. Article VIII of the Annuity Trust Agreement, to which Matheny & Sons has agreed to be bound by virtue of signing the Participation Agreement, obligates that Matheny & Sons timely remit all required fringe benefit contributions, pay liquidated damages and interest to the Benefit

Trust if it delinquently remits contributions.

55. Further, the Collection Policy requires that Matheny & Sons pay liquidated damages and interest to the Annuity Trust if it delinquently remits contributions.

56. Matheny & Sons has failed and refused to make timely employer contributions to the Annuity Trust as is required by the Annuity Trust Agreement and the Collection Policy.

57. As a result of Matheny & Sons' failure and refusal to make timely employer contributions to the Annuity Trust, pursuant to Article VIII of the Annuity Trust Agreement, it owes to the Annuity Trust liquidated damages and interest, which have not been paid.

58. Based on the documents and information available to the Trusts, Matheny & Sons owes the Annuity Trust **$10,793.46** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows, for the months of May 2020 and August 2020:

| | |
|---|---|
| **Delinquent employer contributions:** | $9,534.54 |
| **Liquidated damages:** | $308.25 |
| **Pre-judgment interest:** | $950.67 |

59. Matheny & Sons may also owe additional amounts for delinquent contributions, liquidated damages, and/or interest for Unreported Hours, including, but not limited to the months of May 2020 and August 2020.

60. The Annuity Trust has been forced to bring this legal action to collect the delinquent amounts owed by Matheny & Sons, and the Annuity Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

## PLAINTIFFS ARE EMPOWERED BY ERISA TO REQUIRE DEFENDANT MATHENY & SONS TO SUBMIT TO AN AUDIT

61. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully

11

restated herein.

62. Pursuant to Trust Agreements and Collection Policy, Matheny & Sons is required to allow Plaintiffs' authorized agent(s) access to their payroll records for the purpose of a payroll audit.

63. Plaintiffs are seeking to enforce the terms of said Trust Agreements and Collection Policy pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by obtaining an order requiring Matheny & Sons to provide access to such records and submit to an audit if Plaintiffs' Boards of Trustees determine such action is necessary.

## COUNT II –DEFENDANT MATHENY BREACHED HIS FIDUCIARY DUTIES IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

64. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully restated herein.

65. Upon information and belief, Matheny is an owner and officer of Matheny & Sons.

66. Upon information and belief, Matheny owns fifty-one percent (51%) of Matheny & Sons' corporate shares.

67. Upon information and belief, Matheny has authority to contractually bind Matheny & Sons.

68. Upon information and belief, Matheny has authority to spend money on behalf of Matheny & Sons.

69. Upon information and belief, Matheny is authorized to sign checks on behalf of Matheny & Sons.

70. Upon information and belief, Matheny, at all times relevant to this Complaint, chose to pay Matheny & Sons' other creditors, including himself, rather than remit and pay the contributions owed to Plaintiffs by Matheny & Sons.

71. Matheny & Sons has failed to timely remit fringe benefit contributions leading to the assessment of liquidated damages and interest that Matheny & Sons also has refused to pay to the

Trusts.

72. Upon information and belief, Matheny was responsible for the timely submission of the hourly contribution reports to the Plaintiffs and was responsible for the delinquent submissions of the same.

73. Upon information and belief, at all relevant times herein, Matheny has the power and authority to pay Matheny & Sons' creditors, including Plaintiffs.

74. Upon information and belief, at all relevant times herein, Matheny has exercised his authority and control with respect to Matheny & Sons' finances, including making determinations as to which creditors would be paid and in what order.

75. Upon information and belief, at all relevant times herein, Matheny directly and personally determined that Matheny & Sons would not pay Plaintiffs owed fringe benefit contributions, liquidated damages, and interest.

76. Upon information and belief, at all relevant times herein, Matheny determined that Matheny & Sons' assets and monies would be used to pay other creditors, expenses, or that said assets and monies would be diverted to the general assets of Matheny & Sons, or used for other purposes, besides paying its fringe benefit contributions, liquidated damages, and other amounts owed to Plaintiffs.

77. Upon information and belief, at all relevant times Matheny directly and personally determined that Matheny & Sons' assets would be used for purposes other than the sole and exclusive purpose of providing benefits to Plaintiffs' participants and beneficiaries, defraying Plaintiffs' reasonable expenses, and paying the required contributions, interest, and liquidated damages to Plaintiffs on behalf of their participants.

78. Upon information and belief, Matheny is a fiduciary under Article III, Section 10 of the Benefit Trust Agreement, Article VIII, Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because he exercises (or because he has exercised) discretionary authority and control over Matheny & Sons and its financial assets, which should have been used to pay amounts owed to Plaintiffs. Matheny & Sons' financial assets have not been applied to satisfy fringe benefit contributions, liquidated damages, and other monetary amounts that are owed to Plaintiffs, which remain outstanding as alleged herein.

79. Upon information and belief, Matheny & Sons possesses Plaintiffs' Fund Assets, which it is wrongfully withholding without cause at the behest of Matheny.

80. Upon learning of Matheny & Sons' delinquency and possession of Plaintiffs' Fund Assets, Matheny has not taken any corrective action to pay all delinquent amounts.

81. Matheny owes fiduciary duties to Plaintiffs and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

82. Upon information and belief, Matheny grossly and deliberately breached his fiduciary duties to Plaintiffs by failing to make Matheny & Sons remit employer contributions, interest, and liquidated damages to Plaintiffs, and by diverting such amounts for other purposes. In so doing, Matheny:

> failed to discharge his fiduciary duties with respect to Plaintiffs solely in the interest of the participants and beneficiaries of the plans: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D); caused Plaintiffs' participants to suffer a loss of benefits and rights to which they were entitled under the terms of Plaintiffs' plans.

83. Upon information and belief, by the aforementioned acts, errors, and omissions described herein, Matheny has breached his fiduciary duties to Plaintiffs. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Matheny is personally liable to make good to Plaintiffs and their participants for all losses resulting from such breaches.

### COUNT III – DEFENDANT MATHENY ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTIONS

84. The allegations contained in this Complaint's preceding paragraphs are alleged as if fully restated herein.

85. Matheny, in his capacity as a fiduciary to Plaintiffs and as an officer/shareholder of Matheny & Sons, is a party in interest to Plaintiffs as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

86. Matheny is required to contribute to Plaintiffs, bound to the Trust Agreements, and bound to the CBAs, as set forth above, and is a party in interest to Plaintiffs as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

87. Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from Plaintiffs that could have been applied to satisfy Matheny & Sons' delinquent fringe benefit contributions and other amounts owed to Plaintiffs, Matheny dealt with Plaintiffs' assets in his own interest or account or in the related interest or account of Matheny & Sons over which he has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1106(b).

88. By diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from Plaintiffs for his own interest or for the related interest of Matheny & Sons, Matheny engaged in prohibited transactions under ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this honorable Court grant them the following relief:

**As to Defendant Matheny & Sons**

1. A declaratory judgment against Matheny & Sons, finding it bound to the Participation Agreement, the CBAs, the Trust Agreements, and the Collection Policy.

2. A monetary judgment against Matheny & Sons in favor of Plaintiffs for all known and owed contributions, interest, and liquidated damages in the amount of **$44,234.12**, and any additional amounts found to be owed for delinquent contributions, liquidated damages, and/or interest for Unreported Hours, including, but not limited to the months of May 2020 and August 2020.

3. A monetary judgment against Matheny & Sons in favor of Plaintiffs for the attorneys' fees and other costs Plaintiffs incurred in pursuance of this action.

4. A permanent injunction against Matheny & Sons, pursuant to Section 502(g)(2)(E) of ERISA, prohibiting future violations of Section 515 of ERISA, 29 U.S.C. §1145 with respect to the Trusts.

5. A declaratory order from this Court requiring Matheny & Sons to timely submit all missing contribution reports and to timely submit all such reports in the future.

6. A declaratory order requiring Matheny & Sons to permit the Trusts' auditor to examine and review the documents necessary to complete a payroll audit, if the Trusts' Boards of Trustees determine a payroll audit is necessary.

7. An order directing disgorgement of all ill-gotten gains by Matheny & Sons, including employer contributions that have been wrongfully withheld from the Trusts.

8. Post-judgment interest pursuant to 28 U.S.C. §1961.

9. Such other legal or equitable relief as this Court deems appropriate.

10. That this Court retain jurisdiction of this cause pending Matheny & Sons' compliance with its orders.

## As to Defendant Matheny

1. A declaratory order against Matheny, finding that he breached his fiduciary duties owed to Plaintiffs.

2. A declaratory order against Matheny, finding that he has engaged in prohibited transactions under ERISA.

3. A declaratory order finding that Matheny is jointly and severally liable with Matheny & Sons to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), including all delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorneys' fees, with such known amounts totaling **$44,234.12** owed to Plaintiffs, and any additional amounts found to be owed for delinquent contributions, liquidated damages, and/or interest for Unreported Hours, including, but not limited to the months of May 2020 and August 2020.

4. A monetary judgment against Matheny and Matheny & Sons, jointly and severally, in favor of Plaintiffs for all known or unknown unpaid contributions, interest, and liquidated damages owed by Matheny & Sons.

5. An order directing an accounting of all of Matheny & Sons' delinquent contributions that have not been paid to the Trusts due to Matheny's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of Matheny's fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Matheny.

6. A monetary judgment against Matheny in favor of Plaintiffs for the attorneys' fees and other costs Plaintiffs incurred in pursuance of this action.

7. A monetary judgment directing Matheny to pay to the Trusts all amounts required to

recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

8. An order directing disgorgement of all ill-gotten gains by Matheny, including employer contributions that have been wrongfully withheld from the Trusts.

9. Post-judgment interest pursuant to 28 U.S.C. § 1961.

10. Such other relief as the Court may deem equitable and just under the circumstances.

11. That this Court retain jurisdiction of this cause pending Matheny's compliance with its orders.

        Respectfully submitted,

        /s/ *Joseph C. Hoffman, Jr.*
        Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
        Joseph D. Mando (Ohio Reg. No. 0082835)
        Jonah D. Grabelsky (Ohio Reg. No. 0089009)
        Alanna Klein Fischer (Ohio Reg. No. 0090986)
        Faulkner, Hoffman & Phillips, LLC
        20445 Emerald Parkway Dr., Suite 210
        Cleveland, Ohio 44135-6029
        Phone: (216) 781-3600
        Fax:   (216) 781-8839
        Email: hoffman@fhplaw.com
        Email: mando@fhplaw.com
        Email: grabelsky@fhplaw.com
        Email: fischer@fhplaw.com

        *Attorneys for Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2021, a copy of the foregoing complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

>Secretary of the Treasury
>Internal Revenue Service
>1111 Constitution Avenue, N.W., Room 4428
>Washington, D.C. 20224
>Attention: Employee Plans
>
>Secretary of Labor
>200 Constitution Avenue, N.W.
>Washington, D.C. 20210
>Attention: Assistant Solicitor for Plan Benefits Security

>Respectfully submitted,
>
>/s/ *Joseph C. Hoffman, Jr.*
>Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)