UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IRON WORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY
BENEFIT TRUST, *et al.*,              Case No. 3:21-cv-81

    Plaintiffs,

vs.

MATHENY AND SONS GENERAL            District Judge Michael J. Newman
CONTRACTING LLC, *et al.*,                  Magistrate Judge Sharon L. Ovington

    Defendants.

---

**ORDER: GRANTING PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT (DOC. NO. 9)**

---

Plaintiffs -- three benefit trusts created to provide employee benefits -- bring this ERISA action to obtain payment from Defendants Matheny and Sons General Contracting LLC ("Matheny & Sons"), a West Virginia corporation, and Steve Matheny, a resident of West Virginia, for contributions owed under collective bargaining agreements with Iron Workers Local No. 769, a participating union. Doc. No. 1. After Defendants failed to timely respond to the complaint or appear in this matter, the Clerk of Court docketed an entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Doc. No. 7. Plaintiffs thereafter moved for a default judgment pursuant to Fed. R. Civ. P. 55(b). Doc. No. 9. Defendants did not file a memorandum in opposition, and the time for doing so under S.D. Ohio Civ. R. 7.2(a)(2) has expired. In now moving for a default judgment, Plaintiffs seek a declaratory judgment for a sum certain of $42,754.32; pre-and post-judgment interest; injunctive relief; and attorneys' fees of $2,125.52 against Defendants. Doc. No. 9 at PageID 142.

**I.**

A party defaults when it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id*. After entry of default against a defaulting party:

> If plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Additionally, the Court must determine that jurisdiction is proper over the defendants at issue. *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment").

Plaintiffs perfected service on both Matheny & Sons and Steve Matheny. Plaintiffs' attorney filed an affidavit stating that Defendants were successfully served on March 12 and 13, 2021, respectively. Doc. No. 6-1 at PageID 75-76. Despite proper service, Defendants failed to answer or otherwise plead in response to Plaintiff's complaint within the time allowed under Federal Rule of Civil Procedure 12. Subsequently, the Clerk entered a default against Defendants. Doc. No. 7. Defendants failed to object to entry of default and have not moved to set aside that default. Without such action by Defendants, the record lacks any explanation for Defendants' failure to respond to Plaintiffs' complaint. Therefore, default judgment is warranted against Defendants.

Yet this does not end the matter. A default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted. *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010); *see also Nat'l Auto Group, Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021)

(and cases cited therein).  Moreover, the Court must determine if jurisdiction is proper and, if so, ascertain appropriate damages.  *See Citizens Bank*, 376 F. App'x at 501; *United States v. Thomas*, No. 3:14-cv-318, 2015 WL 1324379, at *1 (N.D. Ohio Feb. 17, 2021) (citing *PT (Persero) Merpati Nusantara Airlines v. Aircraft Leasing Grp.*, 246 F.R.D. 17 (D.D.C. 2007)).

## II.

To grant a default judgment, this Court must find (1) it possesses jurisdiction to hear this case; (2) there are plausible grounds for relief; and (3) damages.  *See Gen Conf. Corp. of Seventh-Day Adventists*, 617 F.3d at 407.  All three factors are met.

### A. Personal Jurisdiction

As with all cases, personal jurisdiction is a threshold requirement.  *See Citizens Bank*, 376 F. App'x at 501.  For ERISA cases, 29 U.S.C. § 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district court where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).  This provision alters the traditional inquiry of minimum contacts for personal jurisdiction. *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 567 (6th Cir. 2001).  Instead, "a court should ask whether the defendant has sufficient minimum contacts with the United States." *Id.*  Matheny & Sons and Steve Matheny are both citizens of West Virginia and the United States. Doc. 1 at PageID 4.  Thus, they have contacts with at least one state.  *See Pikas v. Williams Co.*, 542 F. Supp. 2d 782, 784-85 (S.D. Ohio 2008) (finding that because Delaware corporation was in the United States, the court had personal jurisdiction over the corporation).

Likewise, each was properly served, and Plaintiffs are in Vandalia, Ohio, which is within the Southern District of Ohio.  Doc. 1 at PageID 1. Doc. No. 4, 5.  Therefore, this Court can exercise personal jurisdiction over this action under 29 U.S.C. § 1132(e)(2).

**B. Liability**

Once default has been entered, the factual allegations in the complaint, except those related to damages, are accepted as true. *See* Fed. R. Civ. P. 8(b)(6) (finding all allegations in a complaint not timely denied are accepted as true); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *see also Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Trust v. Lauer*, No. 3:15-cv-00248, 2016 WL 6916782, at *2 (S.D. Ohio Nov. 23, 2016).

The complaint makes several allegations. First, Plaintiffs are multiemployer plans under ERISA established pursuant to collective bargaining agreements between Defendants and various labor organizations. Doc. No. 1 at PageID 5. Second, under these agreements, Matheny & Sons and Steve Matheny, as Matheny & Son's owner and operator, agreed to contribute towards Plaintiffs. *Id.* Defendants must make these contributions based on how many hours Defendants' covered employees worked during the month at issue. Doc. No. 1-5 at PageID 101-02. Plaintiffs plausibly claim in their complaint that Defendants violated ERISA by failing to make the contributions required by the agreement in March 2020 and August 2020. Doc. No. 1 at PageID 7; *see also* 29 U.S.C. § 1145; *Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Trust v. Huber Inc.*, No. 3:18-cv-129, 2020 WL 2542820, at *2 (S.D. Ohio May 19, 2020); *Ironworkers Dist. Council of S. Ohio v. Reinforcing Servs. Co.*, No. 3:09-CV-067, 2009 WL 4154905, at *2 (S.D. Ohio Nov. 20, 2009).

Defendants' violations of Section 515 of ERISA entitle Plaintiffs to recover owed delinquent contributions; liquated damages; equitable relief; and reasonable attorneys' fees and costs. 29 U.S.C. §§ 1132(g), 1145. Consequently, the next question concerns damages. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008).

4

**C. Damages**

Plaintiffs seek: (1) a declaratory judgment holding Defendants to the terms of the collective bargaining agreements; (2) damages for the delinquent contributions; (3) attorneys' fees and costs; (4) an injunction prohibiting Defendants from violating ERISA in the future; (5) declaratory orders requiring Defendants to submit all missing contribution reports and to permit Plaintiffs to audit and examine these documents; (6) disgorgement; and (7) post-judgment interest. *Id.* at PageID 16-17. "[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)). Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain; this sum certain includes sums calculable "from the terms of a written document such as a contract or promissory note." *Huber, Inc.*, 2020 WL 2542820, at *2 (citing *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002)). A court may do so without a hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12–cv–922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain). ERISA provides a certain formula to calculate damages for unpaid contribution, interest, and attorneys' fees. 29 U.S.C. § 1145.

To support its damages claims, Plaintiffs submitted affidavits from one of their employees, Peggy Gotthardt, declaring that Plaintiffs were owed the amount sought. Doc. No. 9-1 at 154-156. Gotthardt swears that Defendants owe Plaintiffs $39,170.41 in unpaid fringe benefits; $1,146.84

5

in liquidated damages under the agreements; $2,437.07 in interest; and $2,125.52 in attorneys' fees and costs. *Id.* at 155-56. These are sums certain under Rule 55(b) and recoverable under ERISA. *See Lauer*, 2016 WL 6916782, at *2 (citing 29 U.S.C. §§ 1132(g), 1145)); *see also Huber, Inc.*, 2020 WL 2542820, at *2 (finding amount in Gotthardt's affidavit to be "fair and reasonable" on a comparable default judgment). Therefore, Plaintiffs have established their damages with reasonable certainty. *See Cline*, No. 2018 WL 542268, at *2.

### III.

Having reviewed the pleadings and evidence in this case, the Court finds that the prerequisites for a declaratory judgment have been met. Plaintiffs' motion for default judgment (Doc. No. 9) therefore is **GRANTED**. Specifically, this Court **GRANTS** Plaintiffs' motion for: (1) $42,754.32 in damages for the delinquent contribution and liquidated damages; (2) $2,125.52 in attorneys' fees and costs; and (3) declaratory orders requiring Defendants to submit all missing contribution reports and to permit Plaintiff to audit and examine these documents.

IT IS SO ORDERED.

September 9, 2021                                             s/Michael J. Newman
                                                                          Hon. Michael J. Newman
                                                                          United States District Judge