IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | : : : : | Case No. 3:21-cv-00081<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| Plaintiffs, | : : | |
| vs. | : : | |
| MATHENY & SONS GENERAL CONTRACTING LLC, *et al.*, | : : : : | |
| Defendants. | : | |

## ORDER COMPELLING DISCOVERY AND IMPOSING SANCTIONS

In this lawsuit, Plaintiffs seek to collect contributions owed by Defendants pursuant to a collective bargaining agreement with Iron Workers Local No. 769, a participating union. (*See* Complaint, ECF No. 1.) Following Defendants' failure to timely respond to the complaint or to appear in this matter, the Clerk of Court docketed an entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 7.) Subsequently, on September 10, 2021, the Court awarded summary judgment to Plaintiffs and ordered Defendants to pay $42,754.32 in damages and $2,125.52 in attorneys' fees and costs. The Court also ordered Defendants to submit all missing contribution reports and permit Plaintiffs to audit and examine the same. (ECF No. 10.)

The record now reflects that, following the Court's September 10 order, Plaintiffs have experienced ongoing difficulties in collecting judgment. On October 15, 2021, Plaintiffs filed a Motion for a Writ of Continuing Garnishment (ECF No. 11), which the

1

Court granted (ECF No. 13). However, the Garnishee, Peoples Bank, filed an answer indicating that Defendants had closed their account with that institution. (ECF No. 16 (sealed).) Next, on Plaintiffs' motion (ECF No. 17), the Court ordered Defendant Steve Matheny to appear before the Court pursuant to Federal Rule of Civil Procedure 69 to answer under oath as to Defendants' property and assets and to produce certain documents (ECF No. 18). Defendant Matheny appeared as ordered but, of the eight documents that he was ordered to produce, brought none.

Plaintiffs describe their subsequent efforts to collect judgment as follows[1]:

> [Plaintiffs], by and through counsel, advised [Defendant Matheny] on May 5, 2022 that Defendants were being served with post-judgment interrogatories and requests for production of documents so he could supplement his [debtor's] exam with the documents he failed to provide . . . The discovery requests were served upon Defendants via certified mail and email pursuant to Fed. R. Civ. P. 5(b)(2)(C) and (E), based on the mailing address that Mr. Matheny provided at his judgment debtor's exam and the email address that Mr. Matheny directly provided to counsel for Plaintiffs. Accordingly, under Fed. R. Civ. P. 6(a)(1)(C), 6(d), 33(b)(2) and 34(b)(2)(A), Defendants' responses were due no later than June 9, 2022. However, they failed to provide responses, object to the requests, or otherwise request an extension of time to respond. Accordingly, Plaintiffs' counsel sent Mr. Matheny a letter dated July 8, 2022 via email and certified mail, advising him that no responses had been received, and if said responses were not provided by July 15, 2022, [Plaintiffs] reserved the right to take any further action to obtain compliance. To date, Defendants have refused and otherwise failed to respond to these outstanding discovery requests. (Plaintiffs' Motion to Compel Discovery in Aid of Execution of Judgment and for Sanctions, ECF No. 20, PageID 220 (internal citations omitted).)

Plaintiffs have now filed a Motion to Compel Discovery in Aid of Execution of Judgment and for Sanctions ("Motion to Compel"), asking the Court to intercede and to

---

[1] Plaintiffs' description of their enforcement efforts is both uncontested and supported by sworn affidavits. The Court therefore accepts Plaintiffs' assertions as true. *Compare, e.g., Hart v. Penske Truck Leasing Co.*, 2013 U.S. Dist. LEXIS 85426, at *2 (W.D. Tenn. 2013).

2

issue an order compelling Defendants to comply with Plaintiffs' post-judgment discovery requests. (*Id.*) For the reasons set forth below, that motion is well-taken.

## I. LAW AND ANALYSIS

### A. Compliance with Discovery Requests

Under Federal Rule of Civil Procedure 69(a)(2), a party seeking to enforce a judgment has recourse to "the full panoply of federal discovery measures . . . to obtain information . . . about assets on which execution can issue or about assets that have been fraudulently transferred". *Searcy v. GUUAS, LLC*, No. 2:19-CV-03124, 2021 WL 2256220, at *1 (S.D. Ohio 2021) (Preston Deavers, M.J.). *See also, e.g.*, *U.S. v. Smith*, No. 1:99-CV-00974, 2017 WL 1047639, at *3 (S.D. Ohio 2017) (Bowman, M.J.). When a debtor fails to comply with a judgment creditor's discovery requests, the creditor may compel compliance via court order. *See Miller v. Ability Recovery Servs. LLC*, No. 1:18-CV-00266, 2020 WL 2838597 (S.D. Ohio 2020) (Black, D.J.); *U.S. v. Smith*, No. 1:99-CV-00974, 2017 WL 1047639 (S.D. Ohio) (Bowman, M.J.). *See also U.S. v. Worthy*, 1998 WL 898840 (6th Cir. 1998) (District Court has discretion in deciding post-judgment motion to compel).

Plaintiffs have attached, as exhibits to their Motion to Compel, copies of the discovery requests as to which they seek an order compelling compliance. (ECF No. 23-1–23-4.) These requests seek information that is relevant to the existence and location of Defendants' assets. (*E.g.*, ECF No. 23-1, at "Interrogatory No. 2", PageID 339 ("Please identify each and every piece of real property owned or leased by you since January 1, 2018 . . ."); *id.* at "Document Request 3", PageID 351 ("Please produce complete,

3

current, and accurate lists, schedules, and records of all of Defendants' stocks, bonds, shares, or interest in all liquid assets or other similar funds . . . ").) These are "exactly the type of discovery requests permissible under Federal Rule 69(a)(2)". *Miller*, 2020 WL 2838597, at *3. *Accord, e.g.*, *U.S. v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007). Defendants have not timely responded or objected to those requests. Fed. R. Civ. 33(b)(2); 34(b)(2)(A). Consequently, they have waived any objection thereto. *E.g.*, *Miller*, 2020 WL 2838597, at *3.

In sum, Defendants *are required* to provide responses to Plaintiffs' discovery requests. Because they have failed to do so, Plaintiffs are entitled to a Court order compelling such responses.

### B. Sanctions

In addition to compelling Defendants' compliance with discovery, Plaintiffs ask the Court to order "sanctions in the form of attorney's fees accrued in making the motion to compel and addressing Defendants' failure to provide discovery responses." (ECF No. 20, PageID 224.) Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(i)–(iii), the Court finds that 1) prior to filing their Motion to Compel, Plaintiffs made good-faith attempts to obtain discovery without Court action (*see* ECF No. 23-1–23-4); and 2) Defendants' refusal to comply with discovery was unjustified; and 3) no circumstances exist which would make sanctions unjust in this case. Accordingly, Plaintiffs are entitled to the "reasonable expenses incurred in making the motion, including attorney's fees". *Id*.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Compel Discovery in Aid of Execution of Judgment and for Sanctions (ECF No. 23). Accordingly:

Defendants are **ORDERED** to respond to Plaintiffs' discovery requests within thirty (30) days of the date of this Order.

Plaintiffs are **GIVEN LEAVE** to file a bill of costs detailing the expenses that they incurred in bringing their Motion to Compel and addressing Defendants' failure to provide discovery responses.

Finally, Defendants are **CAUTIONED** that the Court takes a dim view of their continued evasion of execution of judgment and repeated failures to comply with the lawful orders of this Court. **Failure to comply with the terms of this Order may result in the imposition of further sanctions, including but not limited to civil contempt.**

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being

5

served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).